**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JONATHAN WINCHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:20-cv-1153 |
| | ) | |
| LOWE'S HOME CENTERS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, Lowe's Home Centers, LLC, by counsel, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, hereby files its Notice of Removal to remove the civil action currently pending in the Superior Court of Marion County, Indiana, under cause number 49D13-2003-CT-009995 to the United States District Court for the Southern District of Indiana, Indianapolis Division. The grounds for removal are as follows:

**Background**

1.     On March 5, 2020, Plaintiff commenced a civil action now pending in the Marion County Superior Court, State of Indiana, under cause number 49D13-2003-CT-009995.

2.     Plaintiff's Complaint alleges negligence against Lowe's Home Centers, LLC in relation to a trip and fall incident that occurred at a Lowe's store located at 8801 East 25th Street in Indianapolis, Marion County, Indiana.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(a) and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the federal judicial district and division embracing the Superior Court of Marion County, Indiana, where this action was originally filed. Additionally, the incident giving rise to Plaintiff's

Complaint occurred in Marion County, Indiana, which is likewise situated in the federal judicial district of the United States District Court for the Southern District of Indiana, Indianapolis Division.

4.      As discussed in more detail below, this Court has jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. § 1441.

## Removal is Timely

5.      28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

6.      Lowe's Home Centers, LLC first received a copy of the Summons and Complaint on March 16, 2020, making the deadline for removal April 15, 2020.

7.      Because Lowe's Home Centers, LLC is filing this Notice by April 15, 2020, within thirty (30) days after it received a copy of the Summons and Complaint, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

8.      Plaintiff is a citizen of the State of Indiana.

9.      Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina. Lowe's Home Centers, LLC is a limited liability company ("LLC"). An LLC's citizenship is determined by the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Lowe's Companies, Inc. is the sole member of Lowe's Home

Centers, LLC and is a citizen of the State of North Carolina, because Lowe's Companies, Inc. is incorporated under the laws of the State of North Carolina and maintains its principal place of business in the State of North Carolina. Accordingly, Lowe's Home Centers, LLC is a citizen of the State of North Carolina.

10.     The controversy in this cause of action is therefore entirely between citizens of different states of the United States, and Lowe's Home Centers, LLC desires to remove said cause from the State Court to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

## The Amount In Controversy Requirement is Satisfied

11.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  The defendant invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional minimum has been met.  *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)).  "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

12.     In this cause, Plaintiff alleges he suffered "serious" and "permanent injuries" and that Plaintiff has incurred "medical expenses and other special expenses, and will incur future

medical expenses, lost wages and other special expenses…" (Plaintiff's Complaint ¶ 2, 9, 11). Given the alleged severity of Plaintiff's injuries and damages, it is plausible, if not probable, that Plaintiff's damages exceed $75,000.

13.     Additionally, Plaintiff's counsel confirmed on April 13, 2020, that it is plausible Plaintiff's damages exceed $75,000. One method of establishing that the amount in controversy is below the jurisdictional threshold is through a stipulation. *Huffman v. Dick's Sporting Goods, Inc.*, No. 1:06-CV-0959-JDTTAB, 2006 WL 2228959, at *2 (S.D. Ind. Aug. 2, 2006) (citing *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Litigants who want to avoid removal under diversity jurisdiction can file a binding stipulation limiting their recovery to less than the jurisdictional threshold. *Id.* (citations omitted). On April 13, 2020, Lowe's counsel contacted Plaintiff's counsel about Lowe's intent to remove this case to Federal Court based upon diversity jurisdiction unless Plaintiff could stipulate that his damages do not exceed $75,000. Plaintiff's counsel advised the same day that Plaintiff cannot stipulate that his damages do not exceed $75,000.

## Removal is Appropriate

14.     This matter involves a controversy between citizens of different states pursuant to 28 U.S.C. § 1332 and counsel for Lowe's Home Centers, LLC have a good faith belief based upon Plaintiff's allegations in the Complaint and communications with Plaintiff's counsel that the amount in controversy exceeds $75,000.  Accordingly, removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

15.     Upon receiving a file-marked copy of this Notice of Removal, Lowe's will serve a file-marked copy of this Notice of Removal on Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Marion County, Indiana.

16.     A copy of Defendant's Notice to Plaintiff and Clerk of the Marion County Superior Court of Defendant's Removal of Action to Federal Court is attached hereto as <u>Exhibit A</u>.

17.     Attached hereto as <u>Exhibit B</u> is a complete copy of all process, pleadings, and orders filed by and served on Defendant in the state court action.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By: */s/ Jordan M. Slusher*
    Kristen M. Carroll, Atty. #23129-49A
    Jordan M. Slusher, Atty. #34204-49
    *Attorneys for Defendant Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2020, the foregoing was served upon the following via the electronic filing/notification system, as follows:

Jim Hurt
KEN NUNN LAW OFFICE
104 Franklin Road
Bloomington, IN  47404
*Counsel for Plaintiff*

By: */s/ Jordan M. Slusher*
    Jordan M. Slusher

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521 / Fax (317)636-5917
jslusher@k-glaw.com

200226\60119642-1